# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DANIEL J. SWOPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00480 |
| ) | |
| RUTHERFORD COUNTY ) | JUDGE CAMPBELL |
| CORRECTIONAL WORK CENTER, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Daniel J. Swope, a resident of La Vergne, Tennessee, and former inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se civil rights action under 42 U.S.C. § 1983 against the Rutherford County Correctional Work Center and the Rutherford County Circuit Court. (Doc. No. 1.) Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 10.)

**I.      Application to Proceed as a Pauper**

It appears from Plaintiff's in forma pauperis application (Doc. No. 10) that he lacks sufficient financial resources from which to pay the full filing fee in advance. Accordingly, his application (Doc. No. 10) will be granted. 28 U.S.C. § 1915(a)(1).

**II.     Required Screening of Complaint Filed In Forma Pauperis**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d

736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a pro se plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A.  Factual Allegations

Plaintiff alleges that, in September 2015, he was sentenced to "serve the reminder of [his] two year" sentence. (Doc. No. 1 at 5.) On October 21, 2015, Plaintiff was transferred to the Rutherford County Correctional Work Center ("RCCWC") (*id.*), and he was released on November 17, 2015. (Doc. No. 5 at 1.) Plaintiff returned to custody at some point, as he alleges that he was at RCCWC during the summer of 2016 "on a violation of his 5 year sentence." (Doc. No. 1 at 5; Doc. No. 5 at 1.) On September 13, 2016, Plaintiff was again released from the RCCWC. (*Id.*) According to Plaintiff, he was on state probation and reporting as required "this whole time." (*Id.*) He got a "great job" and "was to begin the hiring process." (Doc. No. 5 at 1.)

Plaintiff had a court date scheduled for January 25, 2017, and alleges that he missed it because he did not receive notice that it was scheduled. (Doc. No. 1 at 5; Doc. No. 5 at 1.) According to Plaintiff, he wrote an individual named Linda Wilson with the RCCWC, who "blamed it on the courts," and also "said she read the paper wrong." (Doc. No. 5 at 2.) On July 4, 2017, the Murfreesboro Police Department arrested Plaintiff for failure to appear at the January 25 court date. (Doc. No. 1 at 5; Doc. No. 5 at 1.) Plaintiff was then taken to the Rutherford County Sheriff's Office, and eventually sentenced to "serve the rest of . . . [his] two year sentence." (Doc. No. 1 at 5.)

Plaintiff alleges that he lost his job "because of the incompetence of RCCWC." (Doc. No. 5 at 1.) Plaintiff seeks "punitive damages for lost wages [and] wrongful imprisonment" from both

the Rutherford County Correctional Work Center and the Rutherford County Circuit Court. (Doc. No. 1 at 5; Doc. No. 5 at 2.)

B.  **Standard of Review**

To determine whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

C.  **Discussion**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

Here, Plaintiff fails to state a claim because both of the named defendants are improper parties under Section 1983. First, the Rutherford County Correctional Work Center is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *McIntosh v. Camp Brighton*,

No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under Section 1983). Second, the Rutherford County Circuit Court is a state court, and a state court is also not a "person" within the meaning of Section 1983. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (citations omitted). Accordingly, Plaintiff fails to state a claim in this action.

Although the Court may construe Plaintiff's references to these entities as an attempt to name Rutherford County itself as a defendant, doing so would be futile in this case. For Rutherford County to be liable under § 1983, Plaintiff must show that the county's "municipal policy or custom directly caused" the alleged deprivation of his constitutional rights. *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)). Here, Plaintiff seeks monetary damages based on his July 4, 2017 arrest for missing a court date. Plaintiff's seems to allege that either the RCCWC or the Rutherford County Circuit Court is responsible for his failure to appear in court because he was confined at the RCCWC at the time the court date was scheduled, and neither entity provided him notice of the court date. But Plaintiff does not allege that any alleged failure to provide notice of this court date was the result of a policy or custom of Rutherford County, as required to state a claim for municipal liability under Section 1983. Thus, Plaintiff fails to state a claim against Rutherford County as well.

### III. Conclusion

For these reasons, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's application to proceed in forma pauperis (Doc. No. 10) will be granted, this action will be dismissed, and the Court will certify that any

appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed in forma pauperis on any appeal.

The Court will enter an appropriate Order.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE